UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Timothy Froelich,** | Civil No. 06-3074 (MJD/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Linda McMahon,**[1] | |
| Defendant. | |

This matter comes before the undersigned on a motion, by plaintiff Timothy Froelich, for attorney fees (Doc. No. 23). Mr. Froelich is represented by Jennifer G. Mrozik, Esq. Defendant Linda McMahon, who is a defendant in her capacity as the Commissioner of the Social Security Administration (the Commissioner), is represented by Lonnie F. Bryan, Assistant United States Attorney. This matter is referred to the undersigned for a report and recommendation consistent with 28 U.S.C. § 636(b) and Local Rule 72.1(b).[2]

To review, Mr. Froelich brought this action for judicial review of denial of disability benefits by the Social Security Administration (SSA). The parties brought counter motions for summary judgment. By a report on July 19, 2007, this Court recommended that this matter be remanded to the SSA for further proceedings before an Administrative Law Judge. By an order on September 24, 2007, Judge Michael J. Davis adopted the report and remanded to the SSA.

---

[1] When this action was decided, Michael J. Astrue was the Commissioner of the Social Security Administration. He has since been replaced by Linda McMahon and the case caption is amended accordingly.

[2] Except where the parties consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), a magistrate judge lacks the authority to order an award of attorney fees under the Equal Access to Justice Act. *Gleason v. Secretary of Health & Human Servs.*, 777 F.2d 1324, 1324 (8th Cir. 1985); *see also Rajaratnam v. Moyer*, 47 F.3d 922, 923-24 (7th Cir. 1995).

In these proceedings, the parties' arguments principally focused on whether Mr. Froelich had impairments affecting his ability to work. The Commissioner prevailed on these arguments. But Mr. Froelich also challenged another key finding by the ALJ, that there were significant jobs available to him as a surveillance system monitor.

This finding was based on testimony the ALJ received from a vocational expert. Because the vocational expert was unable to supply data supporting this opinion, Mr. Froelich argued, this opinion could not supply substantial evidence regarding the availability of jobs.

In the July 19 report, this Court observed that in the context of social security disability cases, courts rarely discuss the foundation required for an expert opinion. The report then looked at two leading cases, from the Seventh Circuit and the Ninth Circuit. Had this Court found the Ninth Circuit decision persuasive, this Court may have reasoned that the ALJ here could rely on the vocational expert. And had Judge Davis agreed, then the Commissioner would have wholly prevailed in this litigation.

This Court instead followed the approach of the Seventh Circuit, and thus Mr. Froelich prevailed. He now moves for attorney fees under the Equal Access to Justice Act (EAJA). Such relief is only available where the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). Although the Commissioner raises several arguments against Mr. Froelich's motion, the issue of substantial justification is controlling here.

If there is a close question about whether the law favors the agency's position, its position is likely to be substantially justified. *Jackson v. Bowen*, 807 F.2d 127, 129 (8th Cir. 1986); *see also Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991). Substantial justification is especially

likely where a case from another circuit credibly supports a contrary result. *Linquist v. Bowen*, 839 F.2d 1321, 1322-23 (8th Cir. 1988).

The outcome in this litigation turned on a close legal question, one for which two circuit courts reached two contrary results. In such circumstances, the position of the Commissioner is substantially justified. Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Mr. Froelich's motion for attorney fees (Doc. No. 23) be **DENIED.**

Dated this 21st day of March, 2008.

    S/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **April 7, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.