UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy Froelich,

    Plaintiff,
v.                              ORDER
                                  Civil No. 06-3074 (MJD/JJG)

Michael J. Astrue,
Commissioner of Social Security,

    Defendant.

_____

      The above-entitled matter comes before the Court upon Plaintiff's objection to the Report and Recommendation of United States Magistrate Judge Jeanne J. Graham dated March 21, 2008.

      Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review the Court will not adopt the Report and Recommendation dated March 21, 2008.

      As noted by the Magistrate Judge, if the Commissioner's position was not substantially justified, and the plaintiff is the prevailing party, the plaintiff is entitled to an award of attorney's fees. 28 U.S.C. § 2412(d). The

Commissioner's position is substantially justified if it is "clearly reasonable, well founded in law and fact, solid though not necessarily correct." Lauer v. Barnhart, 321 F.3d 762 (8th Cir. 2003) (quoting Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995)).

In this case, the matter was remanded because the vocational expert provided testimony before the ALJ, and when questioned, he could not provide any foundation for his testimony as to the number of surveillance system monitor position available. The Magistrate determined that the Commissioner was substantially justified in relying on the vocational expert, because such determination was based on a close legal question. This Court disagrees.

The Seventh Circuit Court of Appeals decision relied on by the Magistrate, and adopted by this Court, in support of remand is clearly on point here. See Donahue v. Barnhart, 279 F.3d 441 (7th Cir. 2002) (finding that experts must use reliable methods does not depend on Rule 702, for evidence is not substantial if it has been conjured up out of whole cloth). The Ninth Circuit decision addressed by the Magistrate, by contrast, is not. See Bayliss v. Barnhart, 427 F.3d 1211 (9th Cir. 2005) (rejecting challenge to

vocational expert testimony on the basis that Rule 702 does not govern admissibility of evidence before the ALJ).

As the <u>Donahue</u> decision demonstrates, common sense, rather than a complicated analyses under <u>Daubert</u> or Rule 702, dictates that an ALJ should not rely on testimony, for which it has been made clear, has no evidentiary foundation. Accordingly, the Court finds that the Commissioner was not substantially justified in its position that the ALJ correctly relied on the vocational expert's testimony.

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees [Docket No. 23] is GRANTED. The Commissioner is hereby ordered to pay to Plaintiff a reasonable attorney fee award in the amount of $4,950.00.

Date: May 13, 2008

<u>s / Michael J. Davis</u>
Michael J. Davis
United States District Court
